**In re C.H. BUTCHER, Jr., Debtor.**

**In re Shirley R. BUTCHER, Debtor.**

**Bankruptcy Nos. 3–83–01008, 3–83–01401.**

United States Bankruptcy Court, E.D. Tennessee.

Jan. 23, 1990.

Melnick & Moore, Neal S. Melnick, Brenda G. Brooks, Knoxville, Tenn., for trustee.

John W. Gill, Jr., U.S. Atty., Marilyn L. Hudson, Asst. U.S. Atty., Knoxville, Tenn., William D.M. Holmes, U.S. Dept. of Justice, Washington, D.C., for U.S. and I.R.S.

## MEMORANDUM ON TRUSTEE'S MOTION FOR RECONSIDERATION OF ALLOWANCE OF CLAIMS OF INTERNAL REVENUE SERVICE

RICHARD S. STAIR, Jr., Bankruptcy Judge.

On May 25, 1989, the court entered an order denying the trustee's objections to the allowance of Claims No. 30 and 12 filed in the C.H. Butcher, Jr. and Shirley R. Butcher cases, respectively, by the Internal Revenue Service.[1] This order was accom-

---

**1.** One issue raised by the trustee, a determination of the entitlement of the Internal Revenue Service claims to priority status under 11 U.S. C.A. § 507(a)(7)(A) (West Supp.1989), was reserved pending further order of the court.

panied by a "Memorandum On Trustee's Objections To Claims Of Internal Revenue Service."[2] On September 21, 1989, the trustee, pursuant to Bankruptcy Code § 502(j) and Bankruptcy Rule 3008, filed a "Motion For Reconsideration Of Allowance Of Claims Of Internal Revenue Service" (Motion).[3] The trustee filed a memorandum in support of his Motion; a memorandum opposing the Motion was filed by the United States.

The gist of the trustee's Motion is that the court's reliance on the Supreme Court's decision in *Arkansas Best Corp. v. Commissioner of Internal Revenue*, 485 U.S. 212, 108 S.Ct. 971, 99 L.Ed.2d 183 (1988), is misplaced. In denying the trustee's objections, the court in its May 25, 1989 opinion held:

> *Arkansas Best's* relevance to the instant proceeding is obvious. The debtors claimed the payment of one hundred (100%) percent of the interest on loans incurred to provide funds necessary for the acquisition of bank stock as a business expense. In reliance upon I.R.C. § 163(d), the IRS disallowed the deductions claimed on Schedule C to the debtors' 1977, 1978 and 1979 income tax returns for the interest payments made on these loans. I.R.C. § 163(d) limits the amount of deductible interest where that interest was incurred for investment purposes. *Arkansas Best* mandates the treatment of bank stock, such as that purchased by C.H., as a capital asset for tax purposes. Therefore, I.R.C. § 163(d) limits the amount of investment interest which can be properly deducted by the debtors for the three tax years in question.

> . . . .

> Following the Supreme Court's directives in *Arkansas Best*, this court's course of action is fixed. The IRS cor-

rectly applied I.R.C. § 163(d) in disallowing interest expenses and classifying income claimed on the debtors' joint income tax returns for the three tax years in question. The Trustee's objections on this ground must be denied.

100 B.R. at 372–73.

The trustee contends that the court should have gone beyond the holding in *Arkansas Best* and engaged in a fact-intensive inquiry to determine "whether C.H. Butcher's activities in the banking industry rose to the level of trade or business such that he would be allowed to deduct interest accrued on the debt financing the purchase of the stock through which he controlled the business." *Memorandum Of Law In Support Of Motion For Reconsideration Of Allowance Of Claims Of Internal Revenue Service*, at 32. The trustee argues that the court must make a factual determination of whether Mr. Butcher held the stock acquired in his various Tennessee and Kentucky banks in connection with a trade or business or as an investment.

In its response to the trustee's Motion, the United States observes that it "now believes that the proper test to be used in determining what constitutes an investment asset, for purposes of Section 163(d) of the Internal Revenue Code, is the 'substantial investment test'. . . ." *Memorandum Of Law In Support Of The Opposition Of The United States Of America To The Trustee's Motion For Reconsideration Of Allowance Of Claims Of The Internal Revenue Service*, at 3. The United States argues, however, that the court's findings of fact as set forth in its May 25, 1989 opinion clearly establish that C.H. Butcher, Jr., acquired his stock with a "substantial investment intent." The court agrees.

"The determinative question in the investment/trade or business dichotomy is whether the taxpayer held the property

---

**2.** This opinion is published in West's Bankruptcy Reporter, *In re Butcher*, 100 B.R. 363 (Bankr. E.D.Tenn.1989).

**3.** Code § 502(j) provides: "A claim that has been allowed or disallowed may be reconsidered for cause. . . ." 11 U.S.C.A. § 502(j) (West

Supp.1989). Bankruptcy Rule 3008 provides: "A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order." Fed.R. Bankr.P. 3008.

with a 'substantial investment intent.' The presence or absence of substantial investment intent is a question of fact." *Olson v. Commissioner of Internal Revenue,* T.C. Memo 1989–564 (Oct. 19, 1989) (citing *Polakis v. Commissioner of Internal Revenue,* 91 T.C. 660 (1988); *Miller v. Commissioner of Internal Revenue,* 70 T.C. 448 (1978)).

The findings of the court as set forth in its May 25, 1989 opinion clearly establish that Mr. Butcher was not in the trade or business of buying and selling banks.[4] More specifically the court made the following material findings: that between 1964 and 1983 Mr. Butcher acquired stock in approximately twenty-one banks in Tennessee and Kentucky; that he purchased this stock with a goal of making money from the appreciation in the value of the stock; that he wanted to keep his ownership interest in the banks at a level where his income from the banks, through salaries, director's fees, dividends, credit life insurance commissions, and the like, would be sufficient to pay the interest expense on the loans taken to acquire the stock; that his ultimate plan was to acquire an ownership interest in, and "control" a network of small banks, and then sell the entire block of banks to a "major company"; and, finally, that he believed he could command a higher price for his bank stocks if they were sold as a whole rather than individually. 100 B.R. at 365.

Clearly, Mr. Butcher's intent in acquiring his bank stock was to realize a profit through an appreciation in value and subsequent sale. These facts conclusively establish a "substantial investment intent" by C.H. Butcher, Jr.

In its May 25, 1989 opinion, the court observed:

> In effect, I.R.C. § 163(d) limits the amount of investment interest an individual may deduct in any given taxable year to $10,000 plus the amount of net investment income received in that year. Investment interest is defined as "interest paid or accrued on indebtedness incurred or continued to purchase or carry property held for investment." I.R.C. § 163(d)(3)(D).

100 B.R. at 369.

Based upon its analysis of *Arkansas Best,* the court concluded that the Internal Revenue Service correctly applied I.R.C. § 163(d) in disallowing interest expense claimed by the debtors on their joint 1977, 1978, and 1979 tax return as attributable to Mr. Butcher's trade or business and correctly reclassified that expense as "investment interest." That conclusion remains unaltered.

Based upon the facts set forth in its May 25, 1989 opinion, the court finds that C.H. Butcher, Jr., acquired and held his bank stock with a "substantial investment intent." To the extent the May 25, 1989 opinion fails to make a specific finding to this effect, the instant Memorandum supplements and amends the earlier opinion.

The conclusions reached herein do not change or alter the ruling emanating from the court's May 25, 1989 findings nor is additional proof required to support the conclusions reached in this Memorandum. Code § 502(j) provides that "[a] claim that has been allowed or disallowed may be reconsidered for *cause.*" 11 U.S.C.A. § 502(j) (West Supp.1989) (emphasis added). Cause does not exist for granting the trustee's Motion. An appropriate order denying the Motion will be entered.